UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY WORMALD, | ) | CASE NO. 1:22-cv-405 |
| Plaintiff, | ) ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) ) | |
| WARDEN CHARMAINE BRACY, et al., | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

Now pending before the Court is the motion to dismiss Plaintiff Ashley Wormald's Complaint. The Complaint raises the following causes of action: (1) an action under 28 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments against Defendant Brandon Kohler; and (2) an action under 28 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments against all Defendants. (R. 1, PageID# 4-7). Defendants Bracy, Brownlee, Eppinger, Eslick, Evans, Kelly, and Lawson[1] filed a Motion to Dismiss the Complaint for failure to state a claim. (R. 21). Plaintiff filed a memorandum in opposition (R. 31), and Defendants have filed a reply in support of the motion to dismiss. (R. 35).

I. Factual Allegations

The following factual allegations come from Plaintiff's Complaint. Plaintiff was incarcerated at Northeast Reintegration Center ("NERC") from December 2018 through December 2021. (R. 1, PageID# 2, ¶1). Defendant Charmaine Bracy was the Warden at NERC.

---

[1] The remaining defendant, Brandon Kohler, is not represented by the Office of the Ohio Attorney General.

*Id*. at ¶2. Defendant LaShann Eppinger was also the Warden at NERC. *Id*. at ¶3. Defendant Brandon Kohler is alleged to have been an employee of NERC at all relevant times relevant. *Id*. at ¶4. Defendant Kelly was a Prisoner Rape Elimination Act (PREA) Investigator at NERC at all applicable times. *Id*. at ¶5. Defendant Eslick was the Assistant to the Warden at NERC at all applicable times. *Id*. at ¶6. Defendant Brian Evans was the Deputy Warden at NERC at all applicable times. *Id*. at ¶7. *Id*. at ¶8. Defendant Lloyd Brownlee was a Corrections Officer/Investigator at NERC at all applicable times. *Id*. at ¶8. Defendant Taylor Lawson was a Case Manager at NERC and was Plaintiff Wormald's case manager at all applicable times while she was incarcerated at NERC. *Id*. at ¶9. All the above individuals have been sued in their individual and official capacities. *Id*. at ¶¶2-9.[2]

The Com[plaint avers that "[o]n several occasions while Plaintiff … was incarcerated at NERC through the month of June 2021," Defendant Kohler violated her "rights by abusing, engaging in sexual misconduct and/or sexually assaulting" Plaintiff while she was an inmate at NERC. (R. 1, PageID# 4-5, ¶14). The Complaint concludes that Defendant Kohler violated Plaintiff's "right to be free from cruel and unusual punishment, the right to be protected from serious harm, and the right to life, liberty, or property with due process of law." *Id*. at ¶15.

With respect to *ALL* Defendants, Plaintiff makes the legal allegation that they were "negligent, careless, reckless, wanton and/or willful while acting under color of law, acted with deliberate, callous, and unreasonable indifference to Plaintiff Ashley Wormald's constitutional rights by causing and/or allowing Plaintiff Ashley Wormald to be sexually assaulted and abused" by Defendant Kohler. *Id*. at ¶18. Plaintiff alleges Defendants exhibited "deliberate, callous, and

---

[2] The Complaint also names ten "John Doe" defendants with no description of their roles other than the assertion that they were employees or agents of the State of Ohio and/or NERC.

2

unreasonable indifference" in the following ways:

    a. Failing to properly staff Ashley Wormald's prison unit;

    b. Failing to monitor Ashley Wormald's prison unit;

    c. Ignoring complaints of Brandon Kohler's sexual involvement, sexual assault and/or abuse of inmates and/or other individuals;

    d. Failing to remove Brandon Kohler from Ashley Wormald's prison unit upon the opening of an investigation into allegations of Kohler's misconduct and/or sexual assault and/or abuse of inmates and instead wrongfully punished/retaliated against the victim Plaintiff Ashley Wormald;

    e. Failing to terminate Brandon Kohler's employment and/or place him on administrative leave upon being put on notice of sexual assault and abuse allegations against him;

    f. Failing to provide protection to Plaintiff from a clear danger;

    g. Knew or should have known that there was a problem with sexual assaults and/or abuse of prisoners and/or others at NERC, but failed to provide protection to inmates such as Plaintiff Ashley Wormald;

    h. Retaliated against Plaintiff Ashley Wormald after she reported abuse in violation of prison rules and/or the Prisoner Rape Elimination Act (PREA);

    i. Making it a custom or practice to not adequately or inadequately supervise, investigate, discipline and/ prevent employees of NERC from engaging in sexual harassment, sexual abuse and/or sexual assault against inmates;

    j. Making it a custom of failing to adequately train on or enforce the applicable process and procedures set forth by the Ohio Department of Corrections;

(R. 1, PageID# 6-7, ¶18). The Complaint further alleges that "[a] custom and practice of sexual abuse and sexual assault of female inmates, such as Plaintiff, and a custom and practice of inaction was permitted and even encouraged at NERC by Defendants" that was known by and accepted by Defendants. *Id*. at ¶¶20-21.

## II. Standard of Review

When ruling upon a motion to dismiss filed under Federal Rule of Civil Procedure

3

12(b)(6), a court must accept as true all the factual allegations contained in the complaint and construe the complaint in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept a conclusion of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L.Ed. 2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L.Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

### III. Analysis

**A. Count Two: § 1983**

For a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) "the defendant acted under color of state law;" and (2) "the defendant's conduct deprived

the plaintiff of rights secured under federal law." *Chambers v. Sanders*, 63 F.4th 1092, 1096 (6th Cir. 2023) (*quoting Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). As the Complaint unambiguously alleges that the moving Defendants were all employed by the State at the NERC and that said individuals acted under color of state law (R. 1, PageID# 2-4), the Court's inquiry focuses on the second prong—whether the alleged conduct deprived Plaintiff of a federal right.

### 1. Eighth Amendment

It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994) (citations omitted). The Eighth Amendment "also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Id*. at 832 (*citing Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). Recognizing that "[p]rison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective." *Farmer*, 511 U.S. at 833 (citations and internal quotation marks omitted).

A prison official violates the Eighth Amendment where two requirements are satisfied. First, the deprivation alleged must be, objectively and sufficiently serious. *Farmer*, 511 U.S. at 834. The Complaint alleges that "on several occasions" during her incarceration at NERC, Defendant Kohler, an alleged NERC employee, "abus[ed], engag[ed] in sexual misconduct and/or sexually assault[ed] Plaintiff…." (R. 1, PageID# 5, ¶14). While Plaintiff's allegation is admittedly somewhat vague and imprecise, the

Court cannot find at this early stage of the proceedings that the Complaint fails to sufficiently allege an objectively serious deprivation. Moreover, Defendants' brief in support of their motion does not argue that the alleged conduct is insufficiently serious, but only that Defendants had no knowledge that a substantial risk of harm existed. (R. 21, PageID# 75-76).

This brings us to the second requirement: "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.' In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety…." *Farmer*, 511 U.S. at 834. "An official is deliberately indifferent if he or she 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" *Reedy v. West*, 988 F.3d 907, 914 (6th Cir. 2021) ("This standard entails 'more than mere negligence' and instead is akin to 'subjective recklessness as used in the criminal law.'")).

The Complaint alleges that Defendants ignored "complaints of Brandon Kohler's sexual involvement, sexual assault and/or abuse of inmates and/or other individuals," that Defendants failed "to remove Brandon Kohler from Ashley Wormald's prison unit upon the opening of an investigation into allegations of Kohler's misconduct and/or sexual assault and/or abuse of inmates and instead wrongfully punished/retaliated against the victim Plaintiff Ashley Wormald," and that Defendants failed "to terminate Brandon Kohler's employment and/or place him on administrative leave upon being put on notice of sexual assault and abuse allegations against him." (R. 1, PageID# 6).

Plaintiff's allegations are admittedly perilously vague. While the Complaint

alleges several occasions on which abuse, sexual misconduct and/or sexual assault occurred, it does not unequivocally allege that any of the aforementioned complaints concerning Defendant Kohler *predate* any of the instances of abuse. This is significant, because it goes to the very heart of the issue of whether Defendants knew of and disregarded an excessive risk. The Complaint is also conspicuously vague on the issue of *who* made the alleged complaints concerning Defendant Kohler's conduct, and *to whom* such complaints were made. Nevertheless, despite these shortcomings, the Court finds that the Complaint can be construed as alleging that Defendants were well aware of the sexual assaults of Defendant Kohler prior to at least one of their occurrences, and recklessly allowed these assault to continue by ignoring an excessive risk to Plaintiff's safety.

Thus, Defendant's motion to dismiss the Eighth Amendment claim in Count Two is not well taken.

**2. Due Process Claim**

Defendants' motion to dismiss also argues that the Due Process Claim in Count Two should be dismissed because § 1983 does not cover official conduct that violates only state law, arguing that Plaintiff's claims against them sound in negligence. (R. 21, PageID# 74-75, citing *Daniels v. Williams*, 474 U.S. 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property")). *Accord Chambers v. Sanders*, 63 F.4th 1092, 1098 (6th Cir. 2023) (finding that the Due Process Clause is *not* implicated by an act resulting in an "unintended loss of injury to life, liberty, or property," even if a government official acts negligently with respect to a plaintiff's

7

constitutionally protected interests or unintentionally harms those interests with no culpable state of mind).

It is Defendants' position that the Complaint "consistently argues negligence, rather than a Fourteenth Amendment Due Process violation." (R. 21, PageID# 74-75). While some of the allegations in the Complaint admittedly sound like claims of negligence, such as the alleged failure to properly staff or monitor the Plaintiff's prison unit, the allegations, taken as a whole, sufficiently alleges actions that could be tantamount to deliberate indifference if supported by evidence. As stated above, the Complaint can be construed as alleging that Defendants were well aware of the sexual assaults of Defendant Kohler by virtue of complaints made about his conduct, that such complaints may have been made prior to at least one of the occurrences of which Plaintiff complains, and that Defendants' failure to protect Plaintiff against repeated assaults by Defendant Kohler—under these circumstances—went beyond mere negligence but crossed the line into recklessness and a deliberate indifference to Plaintiff's safety.

Therefore, Plaintiff's motion to dismiss the Due Process Clause claim in Count Two is not well taken.

**B. Qualified Immunity**

Defendants assert that they are entitled to qualified immunity with respect to the claims set forth in the Complaint. (R. 21, PageID# 78-79).

Defendants are correct that "[u]nder the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established

8

statutory or constitutional rights of which a reasonable person would have known.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (citations omitted). Whether government officials are entitled to qualified immunity generally involves two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id*.

Both questions at this initial stage must be answered in the affirmative. The Complaint sufficiently alleges that Plaintiff was the victim of abuse and/or sexual assault, and that the moving Defendants, having been put on notice of Defendant Kohler's alleged behavior, knew of an excessive risk to her health and safety yet disregarded that risk.

With respect to the second question, Plaintiff points to a decision from the Sixth Circuit Court of Appeals stating that "an individual's right to be free from a government official's sexual assault was clearly established in July 2017, including that facilitating such an assault would also violate that right. In addition to this established law, the Supreme Court has explained that: 'officials can still be on notice that their conduct violates established law even in novel factual circumstances.'" *Sexton v. Cernuto*, 18 F.4th 177, 192 (6th Cir. 2021) (citing *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

Defendants' reply, while maintaining that they are entitled to qualified immunity, fails to address this binding authority. As such, the motion to dismiss based on qualified immunity is denied at this stage.

**C. Remaining Arguments**

Defendants' motion to dismiss asserts that they cannot be held liable under the doctrine of *respondeat superior*. (R. 21, PageID# 76-77). Plaintiff responds that she is not

seeking to impose liability on the basis of *respondeat superior*. (R. 31, PageID# 129-131). Indeed, the Complaint does not mention *respondeat superior,* nor does the Court construe the Complaint as attempting to raise such an argument. As such, Defendants' argument is moot.

Defendants also assert that they enjoy Eleventh Amendment immunity with respect to claims made against them in their *official* capacity. (R. 21, PageID# 80). "When a plaintiff brings a 42 U.S.C. § 1983 action against a state official in his or her official capacity, the claim is treated as though brought against the government itself." *Moncier v. Jones*, 557 Fed. App'x 407, 409 (6th Cir. 2014) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "To that end, the Eleventh Amendment bars official-capacity claims for damages against state officials." *Id*. (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also accord Rolfes v. Davis*, 2021 U.S. Dist. LEXIS 190401, *4 (N.D. Ohio, Oct. 4, 2021) (Gwin, J.).[3]

Plaintiff has not suggested that the moving Defendants are not state officials, but argues that her official capacity claims should go forward because "[a]lthough a state official sued in his official capacity is generally entitled to sovereign immunity [for monetary damages], there is an exception to that immunity … for claims that 'seek prospective relief to end a continuing violation of federal law.'" *Rudd v. Pittman*, 2022 U.S. App. LEXIS 11219, *3-4 (6th Cir. Apr. 25, 2022) (*citing Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013)). Plaintiff contends that her lawsuit does not

---

[3] "While it is true that state officials sued in their official capacity, like the state they represent, are immune from Section 1983 liability under the Eleventh Amendment … that immunity does not extend to municipalities or their officials." *Hawks v. Jones*, 105 F. Supp. 2d 718, 723 (E.D. Mich. 2000).

10

solely seek monetary damages, as her prayer for relief asks for "all other relief which this Court deems equitable and just." (R. 31, PageID# 134-135).

While the Complaint contains a catch-all claim for relief, it notably does *not* allege a *continuing violation* of federal law. To the contrary, the Complaint states that she was incarcerated at NERC through December of 2021, raising the inference that she is no longer incarcerated at that aforementioned institution where Defendants are/were employed. As such, the Complaint does not fall into the identified exception, as it does not seek prospective relief to end a continuing violation of federal law.

Therefore, the moving Defendants' motion to dismiss is GRANTED to the extent it seeks dismissal of claims against them in their *official* capacity only. The claims against these Defendants, however, can proceed in their individual capacities.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (R. 21) is DENIED, except that it is GRANTED with respect to official capacity claims against the moving Defendants Bracy, Brownlee, Eppinger, Eslick, Evans, Kelly, and Lawson.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 26, 2023